IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHASE JASON WESTON,

    Petitioner,                    No. 2:08-cv-2038-JFM (HC)

   vs.

MATTHEW CATE, et al.,

    Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). See Docket # 4, Docket # 14.

        In 2005, petitioner was convicted pursuant to a no contest plea of one count of first degree burglary, three counts of sexual battery, and one count of misdemeanor trespassing. Petitioner was sentenced to the upper term of six years in prison on the first degree burglary conviction and a total of three addition years on the three counts of sexual battery. By the instant action, petitioner challenges the six year prison sentence imposed on the burglary conviction. Relying on Cunningham v. California, 549 U.S. 270 (2007), petitioner contends that the sentence violates his rights under the Sixth Amendment because the upper term sentence was based on facts neither found by a jury nor admitted by petitioner. Petitioner also claims that he received

1

ineffective assistance of appellate counsel when his appellate attorney failed to seek relief under Cunningham, which was announced during the pendency of petitioner's direct appeal.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

    I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63,

/////

123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

## II. Petitioner's Claims

### A. Cunningham Claim

Relying on Cunnningham v. California, 549 U.S. 270 (2007), petitioner's first claim is that the six year sentence imposed on his burglary conviction violates his rights under the Sixth Amendment because the facts necessary to imposition of the six year sentence were neither found by a jury nor admitted by him upon entry of his plea. The last reasoned state court rejection of this claim is the decision of the Sacramento County Superior Court on a petition for writ of habeas filed in that court on October 30, 2007. See Lodged Documents C, D. The state superior court rejected the claim as follows:

> In *Black II*[1] the California Supreme Court held there is no *Cunningham* error, even if sentencing was imposed under former Penal Code section 1170(b), if there existed at least one aggravating factor satisfying Sixth Amendment requirements. The fact that petitioner admitting committing different crimes against different victims on different occasions established an aggravating factor meeting Sixth Amendment requirements under *Cunningham*. (See, e.g. *People v. Calhoun* (2007) 40 Cal.4th 398.) The court was then free to undertake its weighing determination using any other aggravating factors and impose the upper term. Accordingly, the petition fails to state a claim for habeas relief.
>
> Additionally, the California Supreme Court held in *People v. Sandoval* (2007) 41 Cal.4th 825 that if resentencing is required due to *Cunningham* error, the court would impose the sentence that is in the interest of justice. Petitioner fails to show the sentence

---

[1] *People v. Black* (2007) 41 Cal.4th 799.

> imposed, which he agreed to, was not in the interest of justice or there is a reasonable likelihood a different sentence would be imposed upon resentencing. The petition thus fails to establish any prejudice if there was in fact *Cunningham* error.
>
> Finally, petitioner gained a significant benefit from his negotiated disposition by avoiding a potentially very lengthy sentence had he been convicted of the multiple serious sex offenses charged. Having enjoyed the benefit of his negotiated disposition, petitioner is estopped from seeking to improve his disposition by habeas. (See, e.g., *People v. hester* (2000) 22 Cal.4th 290).

Lodged Document C, In re: Chase Weston & People v. Chase Weston, slip op. at 2.

"[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 549 U.S. at 274-275. In Cunningham, the United States Supreme Court held that California's Determinate Sentencing Law (DSL), which "authorizes the judge, not the jury, to find the facts permitting an upper term sentence," violated the Sixth Amendment. Cunningham, 549 U.S. at 293. Following the decision in Cunningham, the California Supreme Court in Black II, supra, held that "'under the DSL[,] the presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence.'" Black II, at 815, quoted in Butler v. Curry, 528 F.3d 624, 642 (9th Cir. 2008). As long as the aggravating factor relied on by the judge has "been established in a manner consistent with the Constitution," imposition of an upper term sentence does not violate the Sixth Amendment. Butler, id.

The record reflects that petitioner stipulated to the upper term six year sentence for the burglary conviction as part of a negotiated plea agreement that resolved two separate informations filed against petitioner. Reporter's Transcript on Appeal, Volume I, at 3,5. Petitioner also agreed there was a factual basis for the plea. Id. at 10. The plea agreement is also reflected in a written agreement initialed and signed by petitioner. Clerk's Transcript on Appeal, Volume 3, at 649. Petitioner's stipulation to the upper term of six years for the burglary conviction and his agreement that there was a factual basis for his plea is sufficient to support the

sentence imposed by the judge. The state court's rejection of this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. This claim will be denied.

  B. <u>Ineffective Assistance of Appellate Counsel</u>

Petitioner also claims that he received ineffective assistance of appellate counsel when his counsel failed to raise a <u>Cunningham</u> claim on direct appeal. The last reasoned state court rejection of this claim is the decision of the Sacramento County Superior Court on a petition for writ of habeas corpus filed in that court. <u>See</u> Lodged Documents I, J. The state court rejected the claim for a number of reasons, including that the petition was barred as successive, the ineffective assistance of counsel claim was without merit, and petitioner was estopped to claim error under <u>Cunningham</u>. Lodged Document J, <u>In re: Chase Weston</u>, No. 08F06297, September 15, 2008, slip op. at 2-4.

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. <u>Id.</u> at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. <u>Id.</u> "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." <u>Hughes v. Borg</u>, 898 F.2d 695, 702 (9th Cir. 1990) (citing <u>Strickland</u>, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. <u>Strickland</u>, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Id.</u>;

see also Williams v. Taylor, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

Petitioner's Cunningham claim is without merit. A fortiori, his appellate counsel was not ineffective for failing to raise it on petitioner's direct appeal. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. This claim will be denied.

For all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

DATED: March 31, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
west2038.dn